IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ORVEL WINSTON LLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-53-MHT-SMD |
| | ) | |
| PHILLIP A. PRICE and JASON L. CALHOUN, | ) ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Orvel Winston Lloyd, proceeding *pro se*, filed this action on January 23, 2023, and paid the court filing fee. Compl. (Doc. 1); *see* Doc. 4. On May 17, 2023, the Court noticed Lloyd that he should provide the Clerk's Office with, *inter alia*, two proposed summons for each defendant. Not. (Doc. 7). After Lloyd did not do so, on October 16, 2023, the undersigned ordered Lloyd to show cause why his complaint should not be dismissed under Federal Rule of Civil Procedure 4(m) and for failure to prosecute. Order (Doc. 9). Then, on November 13, 2023, the undersigned again ordered Lloyd to show cause why his complaint should not be dismissed for the same reasons. Order (Doc. 10) p. 2.

To date, Lloyd has not responded to either of the undersigned's show cause orders, and the time for doing so has passed. Further, Lloyd has not taken any action in this case other than filing his initial complaint, nor has he indicated a desire to prosecute this matter further.

Because of Lloyd's failure to comply with the Court's orders and because he has taken no action to indicate he wishes to pursue this action further, the undersigned concludes that this case should be dismissed without prejudice for failure to prosecute and abide by court orders. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is further

ORDERED that Lloyd shall file any objections to this Recommendation on or before December 28, 2023. Lloyd must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28

U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 14th day of December, 2023.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE